23-7743
Masaquiza-Masaquiza v. Bondi

BIA
Drucker, IJ
A220 226 610/611/612/613

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
    JOSÉ A. CABRANES,
    SARAH A. L. MERRIAM,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

IGNACIO JOSE MASAQUIZA-MASAQUIZA, MARIA TRANSITO MASAQUIZA-JEREZ, A.L.M-M, Z.E.M-M.,[*]

        *Petitioners,*

        v.                                         **23-7743**
                                                   **NAC**

_____

[*]We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**

*Respondent.*

_____

**FOR PETITIONERS:**       Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**       Brian Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ignacio Jose Masaquiza-Masaquiza, his wife Maria Transito Masaquiza-Jerez, and their minor children, all natives and citizens of Ecuador, seek review of an October 16, 2023, decision of the BIA affirming a June 1, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2]  *In re Masaquiza-Masaquiza, et al.*, Nos. A 220 226 610/611/612/613 (B.I.A.

---

[2] We principally refer to Masaquiza-Masaquiza because the other petitioners' applications relied on his allegations of harm.

Oct. 16, 2023), *aff'g* Nos. A 220 226 610/611/612/613 (Immigr. Ct. N.Y. City June 1, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, Masaquiza-Masaquiza had to show that he suffered past persecution or had a fear of future persecution and that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal).[3] To constitute persecution, abuse must be inflicted by

---

[3] The agency accepted or assumed that Masaquiza-Masaquiza established abuse

government officials or by actors the government is "unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Jagdeep Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

Before the agency, Masaquiza-Masaquiza alleged harm by his former coworkers, who were private actors, and he testified that he never reported that abuse to the police. An applicant's "failure to report harm is not necessarily fatal to a claim of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." *Matter of C–G–T–*, 28 I. & N. Dec. 740, 743 (B.I.A. 2023) (quotation marks omitted); *cf. Pan*, 777 F.3d at 544–45 (declining to "decide whether [an applicant's] unwillingness to confront the police is fatal to his asylum claim because" the agency "ignored ample record evidence tending to show that the . . . police were unwilling to

sufficiently severe to amount to persecution, and that there was a sufficient nexus to his race. Masaquiza-Masaquiza's arguments on those points, are thus misplaced.

4

investigate the abuse suffered"). Here, Masaquiza-Masaquiza advances a cursory argument that "the police are either too corrupt or too scared to help." Petitioner's Br. at 7. But he does not identify evidence to support that conclusion. And as the agency noted, the country conditions evidence supports the opposite conclusion: the U.S. State Department report describes employment discrimination against indigenous Ecuadorians, but also reports that indigenous people have equal civil and political rights, and it does not reflect that the police refuse to respond to racially motivated violence.

For similar reasons, there was no error in the denial of CAT protection. A CAT applicant must show that torture is "more likely than not" and the CAT defines torture as severe abuse "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene and prevent such activity." *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (acquiescence requires "that government officials know of or

remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

Masaquiza-Masaquiza asserts here that "the provided evidence . . . shows the government did nothing but exacerbate the issue." Petitioner's Br. at 11. But he does not identify relevant evidence, and as discussed above, he did not testify that the government was involved in—or aware of—the past abuse. "While a failure to ask for police help is not enough, by itself, to preclude a finding of acquiescence," *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021), Masaquiza-Masaquiza cites no other evidence to establish acquiescence. Instead, he argues that the agency erred in requiring him to establish acquiescence. However, as set forth above, the CAT regulations expressly require torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity," 8 C.F.R. § 1208.18(a)(1), and Masaquiza-Masaquiza's argument that the agency should instead have applied an unable-or-unwilling-to-protect standard is not supported by relevant authority. *See Scarlett*, 957 F.3d at 336 (leaving it to BIA to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture").

While we need not reach the remaining arguments, we reference them here to highlight the additional problems with the brief filed by Petitioners' attorney Michael Borja. The brief contains insufficient record citation and legal authority, *see* Fed. R. App. P. 28(a), and inaccurate statements about the content of the record, e.g., that Masaquiza-Masaquiza sought police assistance and that "[his] family was savagely beaten multiple times," Petitioner's Br. at 7. Contrary to Masaquiza-Masaquiza's suggestion, *see id.* at 8, no claims were denied for lack of timely filing (of the application or supporting evidence). And we have previously rejected his challenge to application of the "one central reason" standard to withholding of removal. *See, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED. A copy of this order will be forwarded to this Court's Grievance Panel.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court